IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JEDEDIAH A. COLLINS, and
ESTIL BARNETTE,**

      **Plaintiff,**

v.                                              **Case No. 2:16-cv-08015**

**SOUTH CENTRAL REGIONAL JAIL,
PRIMECARE MEDICAL,
NURSE MEGAN BERRY, and
MAINTENANCE DEPARTMENT,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### RELEVANT PROCEDURAL HISTORY

On August 23, 2016, while incarcerated at the South Central Regional Jail in Charleston, West Virginia, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). The Complaint alleges that, on an unspecified date, the tip of the plaintiff's middle finger was injured when it was shut in his cell door. The plaintiff further alleges that the cell door had been broken for months, despite his repeated requests to the maintenance department to fix it. The plaintiff further alleges that he fainted and broke a tooth, and

that the medical department refused to let him see a doctor or take him to an outside hospital. (ECF No. 2 at 4-5). The Complaint names a second plaintiff, Estil Barnette, who appears to be another inmate at the SCRJ. However, the Complaint contains no allegations concerning Mr. Barnette, who also failed to pay the applicable filing fee or file an Application to Proceed Without Prepayment of Fees and Costs.

The South Central Regional Jail ("SCRJ"), its Maintenance Department, PrimeCare Medical, and Nurse Megan Berry are named as defendants in the Complaint. However, the SCRJ, and its Maintenance Department, are not persons who can be sued under section 1983 and are not subject to monetary damages in federal court. Moreover, the Complaint does not allege any specific conduct against defendant Berry. Finally, the plaintiff's Complaint fails to allege that any policy or custom of PrimeCare Medical led to the plaintiff's alleged injuries.

Accordingly, the undersigned is filing this Proposed Findings and Recommendation recommending that the presiding District Judge dismiss the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

3

## ANALYSIS

### A. Estil Barnette is not a proper plaintiff herein.

Estil Barnette appears to have been another inmate at the SCRJ at the time Mr. Collins filed the instant Complaint. Although Mr. Barnette's signature appears on the Complaint, he neither paid the applicable filing fee for this action, nor filed an Application to Proceed Without Prepayment of Fees and Costs. Moreover, the Complaint contains no allegations of any conduct concerning Mr. Barnette or that he suffered any actual injury that could support a plausible claim for relief in this matter. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Complaint fails to state any plausible claim for relief on behalf of Estil Barnette and he should be dismissed, without prejudice, as a plaintiff herein.

### B. The Complaint fails to state a plausible claim for relief against the SCRJ and its Maintenance Department.

The SCRJ and its Maintenance Department are not suable entities. Rather the SCRJ is just a facility operated by the West Virginia Regional Jail & Correctional Facility Authority ("WVRJCFA"), a state agency.[1] However, even if the court were to liberally construe the plaintiff's claim against the SCRJ to be brought against the WVRJCFA, the claim may still not proceed in this court.

Section 1983 of Title 42 of the United States Code provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

---

[1] In order to state a plausible claim for relief, the plaintiff must allege facts to support that a person, acting in his individual capacity, engaged in specific conduct that violated a specified constitutional or other federal right.

4

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a <u>person</u> acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State, including its agencies, nor its officials acting in their official capacities, are "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

In the instant matter, to the extent that the plaintiff seeks monetary damages from the SCRJ (or the WVRJCFA) and the SCRJ's Maintenance Department, the undersigned proposes that the presiding District Judge **FIND** that those entities are not persons who can be sued under 42 U.S.C. § 1983 and are further immune from liability for monetary

5

damages under the Eleventh Amendment.

      **C.    The Complaint fails to state a plausible claim against PrimeCare Medical and Nurse Megan Berry.**

Furthermore, the plaintiff has not sufficiently alleged a plausible claim for relief against PrimeCare Medical or Nurse Megan Berry. Construed liberally, the plaintiff's Complaint appears to be alleging that the defendants were deliberately indifferent to a serious medical need. As the plaintiff was a pre-trial detainee, and not a convicted prisoner, at the time in question, his claim for inadequate medical treatment arises, if at all, under the due process clause of the Fourteenth Amendment, and not under the Eighth Amendment prohibition against cruel and unusual punishment, as asserted by the defendants. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992). However, the inquiry under both amendments is essentially analogous: whether the defendant exhibited deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997), *overruled on other grounds by* Wilkins *v. Gaddy*, 559 U.S. 34 (2010). Thus, courts often rely upon Eighth Amendment precedent when analyzing such claims by pre-trial detainees.

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.,* at 833.

6

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Id.,* at 834. (Citations omitted.)  The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*, at 837.  "In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness*."  Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases).  "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard.  *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position.  *See id.*  Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment.  *See Estelle*, 429

7

U.S. at 106.

*Miltier*, 896 F.2d at 851-852.

The Complaint contains no specific allegations concerning the conduct of defendant Berry.  Rather, the plaintiff simply states "<u>they</u> failed to let me see a doctor and refused me a doctor and to take me to an outside hospital.  And <u>they</u> just washed it off and wrapped it up and threw the nail and meat that came off away when it could have been repaired."  (ECF No. 2 at 5) [Emphasis added].  Thus, the court and the defendants are left to speculate as to what Nurse Megan Berry allegedly did.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Complaint fails to state a claim upon which relief can be granted against Nurse Megan Berry.

Moreover, to the extent that the plaintiff has named as a defendant PrimeCare Medical, Inc. ("PrimeCare"), in order to state a plausible claim against PrimeCare itself, the plaintiff must allege that some policy or custom of PrimeCare proximately caused his constitutional injury.  Because PrimeCare is the contracted medical provider for the WVRJCFA, a state agency, the deliberate indifference standard is applicable to the conduct of PrimeCare, and its individual employees, who may be considered to be acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1998).  However, the Fourth Circuit and other federal courts have held that "[a] private corporation is liable under § 1983 . . . when an official policy or custom causes the alleged deprivation of federal rights."  *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999); *see also Motto v. Corr. Med. Servs.,* Case No. 5:06-cv-00163, 2007 WL 2897854, 2007 U.S. Dist. Lexis 72436 (S.D. W. Va., Sept. 27, 2007) (Johnston, J.) (unpublished); *Price v. Corr. Med. Servs.,* Case No. 2:08-cv-00259, 2008 WL 5377779 (S.D. W. Va,., Dec. 18, 2008) (Faber, J. (unpublished); *Howell v. Evans*, 922 F.2d 712, 723-34 (11th Cir. 1991); *Nelson v. Prison Health Services,*

8

*Inc.*, 9991 F. Supp. 1452, 1465 (M.D. Fla. 1997). The plaintiff's Complaint makes no such allegation. Thus, the undersigned proposes that the presiding District Judge **FIND** that the Complaint fails to state any plausible claim against PrimeCare.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and the dicatates of *Twombly* and *Iqbal*, and **DENY AS MOOT** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

9

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

June 25, 2018

Dwane L. Tinsley
United States Magistrate Judge